UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**MICHELLE CAFEGO, Administratrix**
of the Estate of Scotty Cafego, deceased,
         **Plaintiff,**

v.                 Case No. 5:25-CV-00520

**LT. JAMES FURROW, et als.,**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE CORRECTIONAL
OFFICERS' MOTION TO DISMISS [ECF 21] AND
THEIR MEMORANDUM [ECF 22] OF LAW**

Comes the Plaintiff, by undersigned counsel and files her timely *Response in Opposition to the Correctional Officers' Motion to Dismiss [ECF 21] and Their Memorandum of Law [ECF 22]*, noting that the correctional officers purportedly bringing the motion include Defendants Lt. James Furrow, CO Austin Harvey, Cpl. Jamie Stanley, Cpl. Zachary Eakle, and Cpl. Cameron Rice.

  **I.**  **PLAINTIFF MAKES SUBSTANTIAL FACTUAL ALLEGATIONS**

On August 27, 2023, at least five correctional officers acting under color of state law physically assaulted Scotty Cafego, and through the application of excessive force delivered several blows, mechanically restrained his arms, and left him face down and unconscious to die of positional asphyxiation. Plaintiff asserts these events violated Scotty Cafego's clearly established constitutional right to await trial without being killed by correctional officers' objectively excessive use force. Defendants fail to acknowledge many of Plaintiff's plain and concisely plead allegations. Plaintiff makes several specific allegations which the correctional officer defendants omit from their memorandum and argument. The defendants assert, for

1

example, that Plaintiff identified her decedent as an inmate and asserts throughout that an Eighth Amendment analysis is require, but Plaintiff clearly and concisely asserted Scotty Cafego was booked as a pretrial detainee [ECF 18-1, ¶ 15].  Unlike defendant asserts, Plaintiff does not concede that decedent was refusing to enter his cell, but pleaded instead that there was an "alleged refusal".  [ECF 18-1, ¶ 16].  Plaintiff alleges that correctional officers, including specifically Defendant Harvey initiated unjustified and unnecessary use of force. [Id., ¶ 18].  Plaintiff specifically alleges that all the named correctional officer defendants, the very defendants who brought the motion to dismiss, joined in a physical assault of Scotty Cafego [Id. ¶ 19].  Plaintiff alleges that the correctional officers then left Scotty Cafego restrained, face-down after mace and physical assault, where he laid, unconscious and unable to breathe resulting in his death by asphyxiation. [Id., ¶ 20].  Plaintiff plead that the force was excessive {Id.., ¶ 21], unnecessary [Id., ¶ 18], and that at no point had Scotty Cafego posed an objectively reasonable danger to the correctional officer defendants [Id., ¶ 44].  Plaintiff alleged that none of the correctional officers intervened on behalf of Scotty Cafego. [Id., ¶ 22], and although the defendants ask in their memorandum which defendant is alleged to have failed to intervene or to have had such obligation, it is clearly and concisely plead by Plaintiff that all of them owed that duty [Id., ¶ 47], but none of them did [Id., ¶ 22].

      Plainly and concisely, after defendant Harvey blasted Scotty Cafego with a full on shot of pepper spray, these five correctional officers jointly assaulted, mechanically restrained, and resultingly killed Scotty Cafego by the use of objectively unreasonable force thereby violating his well-established Fourteenth Amendment constitutional right to life and to remain free from the use of excessive force while at Southern Regional Jail awaiting trial as a pretrial detainee.

He also had the right to intervention by correctional officers to prevent this from happening, which these correctional officer defendants also violated.

Plaintiff is not required to make a showing of any state of mind or subjective component, but Plaintiff has alleged more than that which is required, including wanton and willfulness and deliberate indifference. In this case, however, the Fourth Circuit law is clear, and subjective proof as to the defendants' intent, mental state, malice, and such are not required (see argument below). Plaintiff's factual allegations apply to the whole of the Amended Complaint.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted is governed by Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Such allegations satisfy Rule 8 requirements, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

On a motion to dismiss, courts must accept as true all well-pleaded factual allegations and must view the complaint, and give Plaintiff the benefit of all reasonable inferences drawn from those facts, in the light most favorable to the Plaintiff. *see, e.g., Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.Com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Massey v. Ojaniit,* 759 F.3d 343,

347, 352-53 (4th Cir. 2014); *Eastern Shore Markets v. J.D. Assoc.,* 213 F.3d 175, 180 (4th Cir. 2000)

### III.  IN THE FOURTH CIRCUIT PRETRIAL DETAINEES NEED ONLY ALLEGE OBJECTIVE PRONG

To state a viable claim for excessive force as a pretrial detainee in the Fourth Circuit, a plaintiff must allege that a jail official purposefully or knowingly used force against them and that such force was objectively unreasonable under the circumstances. A pretrial detainee's excessive force claim in the Fourth Circuit is governed by the Fourteenth Amendment's Due Process Clause and is evaluated under an objective reasonableness standard, as established by the Supreme Court in *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473 (2015) and consistently applied by the Fourth Circuit. *See, Short v. Harmon,* 87 F.4th 593 (4th Cir., 2023); *see also, Simmons v. Whitaker,* 106 F.4th 379 (4th Cir. 2024); *Dilworth v. Adams,* 841 F.3d 246 (4th Cir. 2016); *Moss v. Harwood*, 19 F.4th 614 (4th Cir. 2021).

Naturally, the Plaintiff must also allege violation of a well-established, clear Constitutional right, and freedom from excessive force is clearly recognized among such rights in West Virginia. *See, Crawford v. McDonald,* 21-0732 (W. Va. Mar 31, 2023)(discussing McDonald's claim of excessive force and stating " . . . correctional officers violated his clearly established rights under the Fourteenth Amendment to the United States Constitution" acknowledging such clear right, as well as the right of intervention by other officers).

### IV.  CORRECTIONAL OFFICER DEFENDANTS' CLAIMS OF QUALIFIED IMMUNITY FAIL BECAUSE PLAINTIFF SUFFICIENTLY PLEAD EXCESSIVE FORCE CLAIM UNDER OBJECTIVE REASONABLENESS STANDARD

1. <u>Violation of a Clear Right Defeats Qualified Immunity.</u>

At the pleading stage, a plaintiff need only allege facts that, if true, would establish a violation of a clearly established constitutional right. If such facts are alleged, qualified immunity does not bar the claim. *Deakins v. Pack*, 957 F. Supp. 2d 703 (S.D. W. Va. 2013).

2. <u>Plaintiff's Clear Right and Defendants' Objectively Unreasonable Acts</u>

Qualified immunity is a two-pronged defense. At the motion to dismiss stage, to overcome qualified immunity the pleadings (via complaint or ordered reply) must contain factual allegations which plausibly show or reasonably infer: (1) a violation of a clearly established constitutional/statutory right at the time; and (2) conduct that was not objectively legally reasonable under those clearly established rules. *See, Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (W. Va. 1996)  Plaintiff need therefore plead facts which, if true, plausibly establish or infer a violation of a constitutional right. In excessive force cases, this means alleging that the force used was objectively unreasonable under the circumstances. For bystander liability, the plaintiff must allege that the bystander officer was present, aware of the excessive force, and failed to intervene despite having a reasonable opportunity.

The West Virginia Supreme Court encountered a matter analogous to this present case which involved claims of excessive force and failure to intervene, and when considering a motion to dismiss due to qualified immunity claims, held as follows:

> **Our case law makes clear this Court's 'approach to matters concerning immunity historically has followed federal law ...' In Kingsley v. Hendrickson, the United States Supreme Court held that 'a pretrial detainee must show only that the**

> **force ... used against him was objectively unreasonable.' So, we proceed with the Fourteenth Amendment violation inquiry of the qualified immunity analysis under Kingsley's objective unreasonableness standard. ... Because even if a single correctional officer's use of force was not excessive, 'a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983.' So, even if the other correctional officers did not use excessive force, a reasonable jury could nonetheless find on this record that they violated Mr. McDonald's clearly established rights by not taking steps to prevent Cpl. Diamond's alleged excessive force.**

*Crawford v. McDonald,* 21-0732 (W. Va. Mar 31, 2023).

A properly plead pretrial detainee's complaint alleging excessive force resulting in injury or death arising from objective unreasonable use or force is sufficient to defeat the affirmative defense of qualified immunity. *Id.* Furthermore, the Southern District of West Virginia, in a matter wherein qualified immunity was raised and denied, stated "... To establish that an officer's force was excessive, a plaintiff must show 'only that the force purposely or knowingly used against him was objectively unreasonable.*" Kelly V. W.Va. Reg'l Jail & Corr. Facility Auth*., No. 2:18-cv-01074 (S.D.W.Va. Jul 02, 2019).

Plaintiff must demonstrate that the right was clearly established at the time of the event. As noted herein prior, freedom from excessive force is clearly recognized among such rights in West Virginia. *See, Crawford v. McDonald,* 21-0732 (W. Va. Mar 31, 2023)(discussing McDonald's claim of excessive force and stating " . . . correctional officers violated his clearly established rights under the Fourteenth Amendment to the United States Constitution" acknowledging such clear right, as well as the right of intervention by other officers).

Defendants' argument that the timing of the *Harmon* decision (Dec 8,2023) coming after they caused Scotty Cafego's death in some way obfuscates whether his right to await trial free from excessive force, asphyxiation and death without intervention or timely aid is misguided.

6

By way of simple example, the Fourth Circuit on July 8, 2024, applied the *Kingsley v. Hendrickson* objective reasonableness standard for pretrial detainees to events which occurred in February of 2019 when remanding the District Court's dismissal in *Simmons v. Whitaker*, 106 F.4th. 379 (4th Cir. 2024), in which the Fourt Circuit stated "[t]he district court applied the wrong legal standard. Excessive force allegations are subject to different reviewing standards based on the status of the Plaintiff.  For a pre-trial detainee, the proper standard comes from the Fourteenth Amendment…" requiring a showing "…the force … was objectively unreasonable". *Id., citing, Kingsley* at U.S. 396-7

## V.   ARGUMENT

Plaintiff incorporates all the above herein and makes the following argument in addition to the facts and law recited above.

Plaintiff successfully plead her 42 USC 1983 action for excessive force, failure to intervene and failure to render aid.  This claim arises under the Fourteenth Amendment.  Scotty Cafego was a pretrial detainee and so his Administrator need only show that his suffering and death were due to the violation of a clearly established constitution right which defendants violated through objectively unreasonable actions. *Short v. Harmon,* 87 F.4th 593 (4th Cir., 2023), *applying, Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473 (2015).

Objective reasonableness is Fourth Circuit law and is to be applied without regard to whether alleged events occurred before or after the *Harmon* decision. *See, Simmons v. Whitaker*, 106 F.4th. 379 (4th Cir. 2024).  As such, Defendants strained argument that the correctional officers did not realize that they would be judged by the objective reasonableness of their actions but thought instead they would be judged by a combination of that and their own subjective intent because the *Harmon* decision had not yest been published merits no further analysis.

In the Fourth Circuit, and as applied in West Virginia, where Plaintiff successfully pleads or shows material facts in issue (in later stages) as to a viable excessive force, failure to intervene and render aid case, Plaintiff's action also survives claims of qualified immunity. *See, Crawford v. McDonald, 21-0732 (W. Va. Mar 31, 2023)*; *Kelly V. W.Va. Reg'l Jail & Corr. Facility Auth.*, No. 2:18-cv-01074 (S.D.W.Va. Jul 02, 2019); *Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (W. Va. 1996).

In *Crawford*, the Court ties the pleading/summary judgment burden to whether facts, taken in plaintiff's favor, show a violation of clearly established rights under the *Kingsley* objective unreasonableness standard, and recognizes bystander liability where an officer fails to intervene in another's excessive force. It indicates plaintiffs must allege facts showing objectively unreasonable force (for pretrial detainees) and, for bystander claims, the officer's presence and failure to take reasonable steps to prevent the excessive force, thereby showing violation of clearly established rights and defeating qualified immunity at the pleading/summary judgment stage. *See, Crawford v. McDonald, 21-0732 (W. Va. Mar 31, 2023)*.

## VI. DEFENDANTS' MOTION SHOULD BE DENIED AND STRICKEN AS UNTIMELY

Under Rule 12(b), a motion to dismiss must be filed before the responsive pleading is served. Specifically, pursuant to Rule 12(a)(1)(A), a defendant must file an answer or motion within 21 days after being served with the summons and complaint, unless a motion under Rule 12(b) is filed earlier. However, Defendant failed to file its motion within this required time frame, and the deadline has now passed.

Defendants filed their motion on November 14, 2025. Defendants Lt. James Furrow, CO Austin Harvey, Cpl. Jamie Stanley, Cpl. Zachary Eakle had all been served by October 2, 2025, and none had filed responsive pleadings or sought any extension for such.

Defendants filed the present motion to dismiss on November 14, 2025, forty-three days after service of the Complaint, and before this Honorable Court had granted Plaintiff's motion to amend. Thus, when the Defendants filed their motion, the operative complaint was the original complaint.

It is within this Honorable Court's discretion to enforce deadlines strictly where a party fails to seek leave. *Sae Han Sheet Co. v. Commonwealth Laminating & Coating, Inc.*, Case No. 4:18cv00074 (W.D. Va. Sep 24, 2019).

### VII. ALTERNATELY DEFENDANTS' MOTION SHOULD BE DENIED AS PREMATURE

Depending on the interpretation given, the Correctional Officer Defendants' motion to dismiss was either untimely as being filed late (if targeting the then-operative complaint) or untimely as being premature.

Local Rule 7.1(a)(1) instructs that motions should be filed timely but not prematurely. If the Defendants' motion is taken as filed in response to the Amended Complaint, which makes no new allegations as against these defendants, then the Defendants' filed their motion prematurely on November 14, 2025, as the Amended Complaint had not been ordered filed at that time. The Amended Complaint was only ordered filed after these defendants filed their motion.

### VIII. SHOULD DEFENDANTS' ARGUMENTS AT THIS STAGE PREVAIL, ALTERNATE RELIEF, NOT DISMISSAL, WOULD BE THE APPROPRIATE OUTCOME

Plaintiff believes she has prevailed on the pending motion; however, should this Honorable Court find Plaintiff's Amended Complaint lacking with respect to the qualified immunity defense, there is precedent for the Court to order a more definite statement. The Plaintiff would, in such event, seek sufficient time to acquire the Critical Incidence Report, videos of the event made and maintained WV DCR, and make use of such in her more definite statement.

Rule 8, *Twombly* and *Iqbal* do not require Plaintiff to anticipate any party's defenses so as to require pleading around or past such defenses. A plaintiff is not required to anticipate the defense of immunity in his complaint, Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980) " ... We believe, in cases of qualified or statutory immunity, court ordered replies and motions for a more definite statement under Rule 12(e) can speed the judicial process. Therefore, the trial court should first demand that a plaintiff file a 'a short and plain statement of his complaint, a complaint that rests on more than conclusion alone.' *Schultea v. Wood*, 47 F.3d at 1433.

## IX.  CONCLUSION

Plaintiff urges this Honorable Court to find that this claim arises from the Fourteenth Amendment, requires only allegations which establish a plausible claim that Scotty Cafego's clearly established constitutional right to freedom from excessive force and to appropriate intervention and aid were violated; that those rights were clearly established rights as recognized by District Courts, state courts, and the Fourth Circuit in a multitude of cases; that the standard by which the Defendants acts are to be judged is that only of objectively unreasonable; that no subjective prong applies; that the claim of qualified immunity failed where Plaintiff brings and

sufficiently pleads a 42 USC §1983 action for excessive force; and therefore urges this Honorable Court to deny the motion to dismiss.

Alternately, Plaintiff seeks denial of the motion which cites the Amended Complaint but was filed before that complaint was ordered filed and well after the time period had lapsed as to the original complaint. The motion was either untimely as late or premature in violation of local rules.

Alternately to denial, Plaintiff would suggest this Honorable Court treat the motion as better suited to Rule 12(e) relief.

PLAINTIFF,

                       **By Counsel**

/s/ Timothy P. Lupardus
Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
(304) 732-0250
office@luparduslaw.com

Stephen P. New (WVSB No. 7756)
Emilee B. Wooldridge (WVSB No. 14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newlawoffice.com
emilee@newlawoffice.com

Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com

**CERTIFICATE OF SERVICE**

    I certify that I have served the foregoing Plaintiff, Michelle Cafego's *Response in Opposition to the Correctional Officers' Motion to Dismiss [ECF 21] and Their Memorandum of Law [ECF 22]*, upon all parties by uploading a true copy to the Court's electronic file system on November 29. 2025.

                                                /s/  Timothy P. Lupardus
                                                Timothy Lupardus (WVSB No. 6252)